UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN POWELL | CIVIL ACTION |
| VERSUS | NO. 14--1868 |
| THE CITY OF NEW ORLEANS, ET AL | SECTION "H"(1) |

### ORDER AND REASONS

Before the Court are a Motion to Dismiss (Doc. 13) filed by Defendant The City of New Orleans (the "City") and a Motion to Dismiss (Doc. 15) filed by Defendant American Traffic Solutions, Inc. ("American Traffic"). For the following reasons, the Motions are GRANTED IN PART. Plaintiff's federal question claims are DISMISSED WITH PREJUDICE, and his state law claims are REMANDED to the Civil District Court for the Parish of Orleans.

### BACKGROUND

This is a civil action in which the Plaintiff challenges the constitutionality of the City's Automated Traffic Enforcement System Ordinance ("ATES

1

Ordinance"). The ATES Ordinance authorizes the use of camera systems for the purpose of issuing citations for traffic violations. Plaintiff allegedly received a citation on three separate occasions. Plaintiff filed suit *pro se* against the City and American Traffic—the entity with whom the City contracted in order to help implement the ATES Ordinance.

This Complaint is the fourth complaint that has come before the Court in this matter. All four complaints have raised similar allegations concerning the unconstitutionality of the City's ATES Ordinance. The Court dismissed Plaintiff's First Complaint without prejudice for failure to properly serve Defendants.[1] Plaintiff subsequently re-filed the same complaint and properly perfected service on Defendants ("Second Complaint"). Pursuant to rule 12(b)(6), the Court dismissed Plaintiff's Second Complaint for failure to state a claim.[2] The Court gave Plaintiff 30 days to file an amended complaint. Plaintiff subsequently filed an amended complaint ("Third Complaint"), which was dismissed for want of subject matter jurisdiction pursuant to rule 12(b)(1).[3] Plaintiff was again given leave to amend his complaint within 30 days. Instead

---

[1] *Powell v. New Orleans City*, No. 11-cv-2860, 2013 WL 356955, at *2 (E.D. La. Jan. 29, 2013).

[2] *Powell v. New Orleans City*, No. 13-cv-235, 2014 WL 107966, at *3 (E.D. La. Jan. 9, 2014).

[3] *Powell v. New Orleans City,* No. 13-cv-235, 2014 WL 2882939, at *3 (E.D. La. June 25, 2014).

of amending his complaint, Plaintiff filed a petition in the Civil District Court for the Parish of Orleans ("Fourth Complaint"). This petition is substantively identical to the First and Second Complaints. Defendants subsequently removed the state petition to this Court on the basis of federal question jurisdiction. Plaintiff's Fourth Complaint raises, *inter alia*, a question of whether the ATES violates the Federal Constitution. Defendants have filed motions to dismiss pursuant to rule 12(b)(6).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[4] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[5] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[6] The Court need not, however, accept as true legal conclusions couched as factual allegations.[7]

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[5] *Id.*

[6] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009).

[7] *Iqbal*, 556 U.S. at 667.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[8] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[9] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[10] The Court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[11]

## LAW AND ANALYSIS

Plaintiff again claims that the ATES Ordinance violates the federal constitution, as well as the Louisiana state constitution. In an earlier Order and Reasons, the Court addressed the legal sufficiency of Plaintiff's federal claims and its jurisdiction over his state law claims.[12] For the same reasons, the Court finds that the federal claims are not legally cognizable. Further, it declines to

---

[8] *Id.*

[9] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

[10] *Lormand*, 565 F.3d at 255–57.

[11] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

[12] *Powell*, 2014 WL 107966, at *3.

exercise supplemental jurisdiction over the state law claims.

## I. Plaintiff's Federal Claims Are Not Legally Cognizable

In determining whether Plaintiff states a claim upon which relief can be granted, the Court is mindful that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers."[13]  It is well established, however, that "[e]ven a liberally construed pro se civil rights complaint . . . must set forth facts giving rise to a claim on which relief may be granted."[14]  Plaintiff's complaint—even when construed liberally—fails to meet this minimal standard.

After recounting the citations that he received for traffic violations, Plaintiff alleges generally that the ATES ordinance:

> [V]iolates the . . . United States Constitution for numerous reasons, including but not limited to reversing the burden of proof and creating a presumption of guilt, violating the right against self-incrimination, violating the right to due process by its vagueness and ambiguity and by placing its enforcement in the hands of a private, non-governmental entity with a financial interest in the outcome of each alleged violation as well as in charging the maximum number of persons with violation.

Plaintiff's Complaint does not contain any other facts in support of these allegations.  In fact, Plaintiff does not even articulate which provision(s) of the

---

[13] *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (internal quotation marks omitted).

[14] *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

5

ATES Ordinance he contends violate the Constitution, much less how those provision(s) are unconstitutional. Such bald allegations lack sufficient factual support to withstand a motion to dismiss.

The Court declines to allow Plaintiff the opportunity to amend his complaint. Though "[l]eave to amend should be freely given,"[15] a court may decline to give such leave as long at the denial is justified on grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[16] The Court notes that this is the fourth time that Plaintiff has been before this court without successfully stating a federal question claim, despite the fact that he has twice been given leave to do so. The Court finds that this repeated failure justifies dismissal with prejudice of Plaintiff's federal question claims.

## II. Court Will Not Address the Legal Sufficiency of Plaintiff's State Law Claims

Plaintiff also alleges the ATES Ordinance violates the Louisiana state constitution and is "preempted by Louisiana state law, conflicts with Louisiana state law, and exceeds the scope of local power authorized by state law."

---

[15] *U.S. ex rel. Adrian v. Regents of Univ. of California*, 363 F.3d 398, 403 (5th Cir. 2004).
[16] *Id.* (quoting *Forman v. Davis*, 317 U.S. 178, 182 (1962).

Because Plaintiff's federal claims have been dismissed, the Court will *sua sponte* examine whether it should exercise jurisdiction over Plaintiff's remaining state law claims.[17]

When all federal claims are dismissed or otherwise eliminated before trial, the court should generally decline to exercise supplemental jurisdiction over any remaining state law claims.[18] In deciding whether to continue exercising jurisdiction, courts should consider "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[19]

Having considered the relevant factors, the Court declines to exercise supplemental jurisdiction. Plaintiff would not be prejudiced by remanding his remaining state law claims for two reasons. First, those claims, which all concern issues of state law, may be addressed by a Louisiana state court. Second, the above-captioned matter has only been pending since its August 15, 2014 removal. No trial or pre-trial deadlines have been set. The parties' pre-trial efforts have been directed almost exclusively toward the pending

---

[17] *See Bevis v. City of New Orleans*, No. 10-4161, 2011 WL 2899120, at *5 (E.D. La. July 18, 2011).

[18] *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 247 (5th Cir. 1999); *Petroleum v. Dresser Indus.*, 962 F.2d 580, 585 (5th Cir. 1992).

[19] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

dismissal motions.[20] Further, though this is the fourth complaint to appear before this Court, the Court has never reached the merits of the dispute and is not intimately familiar with the facts. Thus, declining to exercise supplemental jurisdiction at this juncture is consistent with the principles of judicial economy, convenience, and fairness to the parties.[21] Because the Court declines to exercise supplemental jurisdiction over this matter, the case is remanded.

## CONCLUSION

For the forgoing reasons, Defendants Motions are GRANTED IN PART. Plaintiff's federal question claims are DISMISSED WITH PREJUDICE, and his remaining state law claims are REMANDED to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 22nd day of December, 2014.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[20] *See Bevis*, 2011 WL 2899120, at *5 (declining to exercise supplemental jurisdiction under substantially similar circumstances).

[21] *See Batiste*, 179 F.3d at 228.